IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUNEZ, EMMANUEL & ARLEEN,<br><br>    Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants | No. C 11-0081 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is defendant Bank of America, N.A.'s ("Bank of America") motion, filed February 9, 2011, to dismiss plaintiffs' Amended Complaint pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Emmanuel Nunez and Arleen Nunez (collectively "plaintiffs") have filed opposition,[1] to which Bank of America has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby VACATES the hearing scheduled for March 25, 2011 and rules as follows.

**BACKGROUND**

In their Amended Complaint, plaintiffs assert the following nine Causes of Action:

---

[1] By order filed February 9, 2011, the Court directed plaintiffs to comply with General Order 45 and the Court's Standing Orders by submitting a chambers copy of their Amended Complaint, and to submit a chambers copy of all subsequent filings. Plaintiffs, have failed to comply. All parties are expected to comply with court orders without repeated reminders. Accordingly, plaintiffs are hereby advised that for any further failure to comply with General Order 45, the Court will impose sanctions, including, but not limited to, striking from the record any electronically-filed document of which a chambers copy has not been timely provided to the Court.

(1) "Violations of [the] Truth in Lending Act ['TILA'],'" (2) "Violations of [California] Business and Professions Code Section 17200, et. seq.," (3) "Fraud," (4) "Breach of Implied Covenant of Good Faith and Fair Dealing," (5) "Conversion," (6) "Breach of Fiduciary Duty," (7) "Breach of Loan Contracts," (8) "Predatory Lending in Violation of [California] Fin[ancial] Code, §§ 4970-4979.8," and (9) "Violation of [California] Civil Code Section 2923.5." Plaintiffs' claims arise from events concerning a mortgage loan ("Mortgage") plaintiffs obtained in April 2006, which Mortgage was secured by certain real property owned by plaintiffs and located in Hayward, California. (See Am. Compl. ¶¶ 2, 22-25, 28, 34; see also Bank of America's Req. for Judicial Notice Ex. A (Deed of Trust).[2])

In support of their claims, plaintiffs allege that Bank of America induced them to agree to the Mortgage by "(1) failing to clearly and conspicuously disclose how much and how soon the interest rate (and, therefore, the monthly payment) would increase after the teaser rate expired; (2) failing to clearly and conspicuously disclose whether stated monthly payments included amounts due for insurance and taxes; (3) failing to clearly and conspicuously disclose closing cost and fees; (4) failing to disclose the true costs and risks associated with the refinancing after the interest rate adjusted; (5) fraudulent advertisement and acts that were designed to mask risks of the loans . . . ; and (6) a general failure to offer conservative loan products which would have been more suitable for [plaintiffs]." (See Am. Compl. ¶ 24.)

Additionally, plaintiffs allege that Bank of America "failed to properly service the [Mortgage]" by "(1) failing to accurately credit [p]laintiffs' payments to their account; (2) assessing and demanding substantial, unwarranted costs and fees under threat of foreclosure; (3) pressuring homeowners facing imminent foreclosure to enter into reinstatement or other contracts with oppressive terms, without an adequate opportunity to

---

[2] Bank of America requests the Court take judicial notice of the deed of trust, notice of default, assignment, and notice of sale related to the Mortgage. No opposition to the request has been filed. Good cause appearing, Bank of America's request for judicial notice is GRANTED. The Court notes, however, that neither party has submitted the Mortgage note itself, which, Bank of America asserts, discloses the terms from which the instant dispute arises.

2

1  consult legal counsel; and (4) demanding exorbitant reinstatement amounts, including fees
2  and costs that are neither bona fide or reasonable." (See Am. Compl. ¶ 26.)
3      Further, according to the Amended Complaint, plaintiffs defaulted on the Mortgage
4  "on or about April 2008," after which they unsuccessfully attempted to obtain a modification
5  from Bank of America, a notice of default was recorded against their property on March 23,
6  2009, and a notice of sale was recorded on September 13, 2010. (See Am. Compl.
7  ¶¶ 38-41.)

## LEGAL STANDARD

9      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
10 accepted as true, to state a claim that is plausible on its face." See Ashcroft v. Iqbal, 129
11 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is liable
13 for the misconduct alleged." Id. In determining whether a claim has facial plausibility,
14 courts "are not bound to accept as true a legal conclusion couched as a factual allegation."
15 See id. at 1950 (internal quotation and citation omitted).

## DISCUSSION

17     On December 6, 2010, plaintiffs filed their initial complaint against Bank of America
18 in state court; on January 7, 2011, Bank of America removed the action on the basis of
19 diversity. Bank of America now moves to dismiss the Amended Complaint on the grounds,
20 inter alia, that (1) plaintiffs' claims arising from the origination of the Mortgage are time-
21 barred, and (2) the Amended Complaint fails to allege sufficient facts to support any of the
22 claims alleged.

23 **I.    Statute of Limitations**

24     As noted, plaintiffs allege the Mortgage closed in April 2006, more than four and a
25 half years prior to the date plaintiffs filed their first complaint. Consequently, to the extent
26 plaintiffs' claims are based on Bank of America's conduct in allegedly improperly inducing
27 plaintiffs to enter into that agreement, such claims are time-barred. See 15 U.S.C.
28 § 1635(f) (providing, for TILA claim seeking rescission, three-year statute of limitations

1 beginning on "date of consummation of the transaction"); 15 U.S.C. § 1640(e) (providing, 2 for TILA claim seeking damages, one-year statute of limitations beginning on "date of the 3 occurrence of the violation"); Cal. Code Civ. P. § 337(1) (providing four-year statute of 4 limitations for claims arising from contract); Cal. Code Civ. P. § 338(c) (providing three-year 5 statute of limitations for conversion); Cal. Code Civ. P. § 338(d) (providing, for claims 6 sounding in fraud, three-year statute of limitations beginning on date of "discovery . . . of 7 the facts constituting the fraud or mistake"); Cal. Bus. & Prof. Code § 17208 (providing, for 8 claims arising under California Business & Professions Code, four-year statute of 9 limitations beginning at time "cause of action accrued"); Robuck v. Dean Witter & Co., Inc., 10 649 F.2d 641, 644-45 (9th Cir. 1980) (finding, under California law, four-year statute of 11 limitations applies to claim for breach of fiduciary duty); DeLeon v. Wells Fargo Bank, N.A., 12 729 F. Supp. 2d 1119, 1127-28 (N.D. Cal. 2010) (finding one-year statute of limitations 13 applies to claims brought under California Financial Code §§ 4973 and 4979.6).

14 Plaintiffs contend any applicable statute of limitations was equitably tolled pending 15 their discovery of the alleged violations. In support of thereof, plaintiffs allege they sought 16 legal counsel on or about December 2, 2010, "at which point legal options were 17 discussed."[3] (See Am. Compl. ¶ 32.) Such allegation is unavailing as the Amended 18 Complaint contains no allegation showing how plaintiffs, with reasonable diligence in 19 reading the terms of the Mortgage, could not have discovered the true facts contradicting 20 any of Bank of America's allegedly fraudulent statements or omissions. See Meyer v. 21 Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (finding, plaintiffs "were in full 22 possession of all information relevant to the discovery of a TILA violation . . . on the day the

---

[3] Plaintiffs argue, in their opposition brief and without factual support, that their primary language is Tagalog. Arguments in briefs are not part of plaintiffs' complaint and cannot save a deficient pleading. See Schneider v. California Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (finding "'new' allegations contained in [plaintiff's] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes"); see also Herrera v. Countryside KB Home Loans, No. No. 10-CV-0902-LHK, 2010 WL 3516100, *4 (N.D. Cal. 2010) (finding, although plaintiffs spoke Tagalog and were not native English speakers, plaintiffs not entitled to tolling statute of limitations in TILA action, where plaintiffs failed to plead date on which they discovered alleged violations or to allege facts showing how defendant's nondisclosure prevented plaintiffs from discovering alleged violations).

loan papers were signed," where plaintiffs "produced no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [defendant] that prevented the [plaintiffs] from discovering their claim").

Consequently, each of plaintiffs' Causes of Action is subject to dismissal insofar as it arises from conduct pre-dating or concurrent with the Mortgage closing. Bank of America argues leave to amend should not be afforded. Because the Amended Complaint was filed as a matter of right, however, after Bank of America moved to dismiss plaintiffs' original complaint and before the Court ruled on such motion, see Fed. R. Civ. P. 15(a)(1), the Court has issued no prior order with respect to plaintiffs' claims.

Accordingly, the Court will dismiss plaintiffs' Causes of Action to the extent such claims are based on conduct pre-dating or concurrent with the Mortgage closing, and will afford plaintiffs leave to amend their complaint to allege facts sufficient to support equitable tolling.[4]

## II. Failure to State a Claim

As discussed, plaintiffs also allege claims based on the manner in which Bank of America serviced the Mortgage. Although the Amended Complaint does not contain sufficient facts to enable the Court to determine whether such claims are time-barred, neither does the Amended Complaint contain sufficient facts "to state a claim that is plausible on its face." See Iqbal, 129 S. Ct. at 1949.

Plaintiffs allege, for example, that Bank of America "rais[ed] the monthly payment rate," requiring the plaintiffs to pay more than they "legitimately should have paid," and that Bank of America failed to apply the "extra payments" to the principal of the Mortgage.

---

[4] Additionally, plaintiffs are advised that they must plead sufficient facts to support each of their claims arising from the origination of the Mortgage and Bank of America's alleged fraudulent inducement thereof, including but not limited to claims sounding in fraud. Further, as to claims sounding in fraud, plaintiffs must identify the allegedly fraudulent statements, when they were made to plaintiffs, the name or other identifying information of the Bank of America representative or agent who made such statements to plaintiffs, and plaintiffs' reliance thereon. See Rosal v. First Federal Bank of Cal., 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009) (noting allegations of fraud must meet pleading requirements of Rule 9(b)).

(See, e.g., Am. Compl. ¶ 72.)  Plaintiffs fail to allege, however, the date(s) on which Bank of America raised the monthly rate, or the amount(s) Bank of America required plaintiffs to make in payment as compared with the amount(s) for which the Mortgage "legitimately" provided.  Similarly, plaintiffs' allegation that Bank of America "interfered with [p]laintiffs rights to receive promised benefits under the contracts by refusing to refinance" (see Am. Compl. ¶ 68) fails to identify the specific contract and provision(s) thereof under which such "benefits" were "promised," nor do plaintiffs allege how Bank of America "interfered" with plaintiffs' rights thereto.  Moreover, plaintiffs fail to allege facts identifying Bank of America's conduct that allegedly "pressur[ed] homeowners . . . to enter reinstatement or other contracts," nor do plaintiffs allege they were such homeowners, what additional contract(s) plaintiffs were "pressur[ed]" to enter, when they did so, or any "exorbitant reinstatement amounts."  (See Am. Compl. ¶ 26.)

Additionally, plaintiffs' allegations that Bank of America "directed [p]laintiffs['] mortgage broker" (see Am. Comp. ¶¶ 77, 79), thus allegedly breaching a fiduciary duty to plaintiffs, are wholly conclusory in nature.  Generally, lending institutions owe no fiduciary duty to the borrower, see Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (Cal. App. Ct. 1991) (holding "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature"), and plaintiffs fail to allege sufficient facts to state a claim for vicarious liability of Bank of America for any breach of fiduciary duty by the mortgage broker.  Indeed, plaintiffs fail to identify the mortgage broker in question, let alone state how Bank of America "directed" such mortgage broker.[5]

Further, plaintiffs fail to state a claim under Civil Code section 2923.5, which claim is based on Bank of America's alleged failure to file a "proper declaration" with the notice of

---

[5] Although plaintiffs' allege Bank of America "reward[ed] brokers" through a "system of compensation," such allegations are insufficient to impose vicarious liability. See Champlaie v. BAC Home Loans Serv., LP, 706 F. Supp. 2d 1029, 1056-58 (E.D. Cal. 2009) (finding allegation of commissions paid to brokers failed to support vicarious liability of lender under employer/employee, agency, or conspiracy theories).

6

default, and resulting "clouded title."[6]  Plaintiffs' reference to a "proper declaration" is ambiguous, as plaintiffs fail to specify whether they are alleging Bank of America's declaration was in some manner deficient, or whether Bank of America failed to file any declaration at all.  Lastly, the Court notes that damages are not available as a remedy for violation of section 2923.5; the sole remedy for such violation is the postponement of a foreclosure sale; once such sale has occurred, no remedy is available.  See Mabry v. Superior Court, 185 Cal. App. 4th 208, 221 (Cal. Ct. App.  2010) (holding, under section 2923.5, "the only remedy provided is a postponement of sale before it happens" (emphasis in original)).  Here, neither the initial complaint, the Amended Complaint, nor any document for which any party requests judicial notice, states whether such sale has occurred.[7]

Accordingly, the Court will dismiss plaintiffs' Causes of Action arising from Bank of America's alleged conduct after the Mortgage closed, and will afford plaintiffs leave to amend to cure the above-noted deficiencies.

## CONCLUSION

For the reasons stated above, Bank of America's motion to dismiss plaintiffs' Amended Complaint is hereby GRANTED.

Plaintiffs' Second Amended Complaint, if any, shall be filed no later than April 12, 2011.

**IT IS SO ORDERED.**

Dated: March 22, 2011

MAXINE M. CHESNEY
United States District Judge

---

[6] Under section 2923.5, the party filing a notice of default must file with such notice "a declaration stating that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required . . . ."  See Cal. Civ. Code § 2923.5(b).

[7] The notice of sale, issued September 13, 2010, states that the sale was scheduled to occur on October 7, 2010.  (See Bank of America's Req. for Judicial Notice Ex. D at 2.)  There is no allegation or judicially noticeable evidence before the Court, however, showing such sale actually did go forward on that date on any other date.

7