IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUNEZ, EMMANUEL & ARLEEN,

    Plaintiffs,

  v.

BANK OF AMERICA, N.A., et al.,

    Defendants

No. C 11-0081 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

    Before the Court is defendant Bank of America, N.A.'s ("Bank of America") motion, filed May 3, 2011, to dismiss plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs Emmanuel Nunez and Arleen Nunez (collectively, "plaintiffs") have filed opposition. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby VACATES the hearing scheduled for June 10, 2011 and rules as follows.

    By order filed March 22, 2011, the Court dismissed plaintiffs' Amended Complaint on the grounds that the asserted claims arising from the origination of their mortgage with Bank of America in April 2006 were barred by the applicable statute of limitations, and that plaintiffs' remaining claims were insufficiently supported by factual allegations. (See Order Granting Def.'s Mot. to Dismiss ("Order").) By that same order, plaintiffs were afforded leave to amend to cure the deficiencies noted. (See id. at 5, 7.) The SAC, however, fails to cure the previous complaint's deficiencies.

    First, with respect to all claims arising from the origination of the mortgage, plaintiffs' new allegations are insufficient to plead a basis for equitable tolling of the statute of

limitations.

In particular, plaintiffs now allege that their "native language is Tagalog" and that Bank of America "failed to provide an appropriate translator." (See SAC ¶ 51.) Although said allegations are new to the complaint, plaintiffs had made the same assertions in their opposition to Bank of America's prior motion to dismiss, and the Court, in its prior order of dismissal, had noted such circumstances, without more, were unavailing. (See Order at 4 n.3 (citing Herrera v. Countryside KB Home Loans, No. 10-CV-0902-LHK, 2010 WL 3516100, at *2-3 (N.D. Cal. 2010) (finding, although plaintiffs spoke Tagalog and were not native English-speakers, plaintiffs not entitled to tolling of statute of limitations in TILA action, where plaintiffs failed to plead date on which they discovered alleged violations or to allege facts showing how defendant's nondisclosure prevented plaintiffs from discovering alleged violations)).)

The SAC adds nothing to plaintiffs' earlier assertion. Based on the allegations in the SAC, the facts underlying plaintiffs' claims would have been apparent from the face of the loan documents, and plaintiffs plead no facts showing due diligence such as to warrant equitable tolling.[1] See King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986) (finding, in TILA action, equitable tolling available to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action"); Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 920-921 (2005) (holding "a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence" (emphasis in original)).

Second, to the extent plaintiffs' claims are not based on the origination of the mortgage, plaintiffs' amendments likewise fail to cure the deficiencies noted in their prior

---

[1] In contrast to the complaint at issue in the case cited by plaintiffs, Galindo v. Financo Fin., Inc., No. C 07-3991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008), plaintiffs do not allege they cannot read and the lender made oral representations inconsistent with the written documents.

1 pleading.

2 In particular, with respect to their fraud claim, plaintiffs' revision of the basis of such cause of action, which, as now alleged, is Bank of America's refusal to grant a loan modification in October 2010 (see SAC ¶ 63), is unavailing. Plaintiffs cannot rely on their conclusory allegation that Bank of America "intentional[ly] inflat[ed] [p]laintiffs' expense[s] by $5,000 per month." (See SAC ¶ 63); Fed. R. Civ. P. 9(b) (providing "party must state with particularity the circumstances constituting fraud"). Moreover, and more significantly, plaintiffs allege no action taken by them in reliance thereon, and, indeed, plaintiffs allege they "notified [d]efendants of the inflated expenses." (See SAC ¶ 65); Engalla v. Permanente Medical Group, 15 Cal. 4th 951, 974 (1997) (holding, to state claim for fraud, plaintiff must allege (1) misrepresentation, (2) defendant's knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) damage).

Similarly unavailing is plaintiffs' revision of the basis of their claim under California Civil Code § 2923.5, which, as now alleged, is Bank of America's refusal to grant a loan modification. See Mabry v. Superior Ct., 185 Cal. App. 4th 208, 231 (Cal. App. Ct. 2010) (holding "there is no right . . . under [§ 2923.5] to a loan modification").

Plaintiffs' remaining allegations, which do not differ materially from those found insufficient in the Amended Complaint, are, for the reasons stated in the Court's prior order of dismissal, insufficient to plead the claims they are alleged to support.

As the SAC represents plaintiffs' third attempt to plead a viable claim, and as plaintiffs have come no closer to doing so, the Court finds further leave to amend would be futile.

For the reasons stated above, Bank of America's motion to dismiss plaintiffs' Second Amended Complaint is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: June 2, 2011

MAXINE M. CHESNEY
United States District Judge

3